UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
NOV 17 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____KB_____, DEPUTY

Jimmie Dean Stohler )
    Petitioner, )
)
v. )  Case No. CIV-25-1358-PRW
)
J. Kevin Stitt, )
Governor of Oklahoma, )
    Respondent. )

PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Personal Information

1. Your full name:    Jimmie Dean Stohler
2. Place of confinement:
   a. Name of institution:    Joseph Harp Correctional Center
   b. Address:    16161 Moffat Rd.
   Lexington, OK 73051

3. Currently being held on orders by:    State Authorities (Oklahoma)
4. Currently:    Serving a sentence of incarceration after having been convicted of a crime
   a. Sentenced by:    Tulsa County District Court, Tulsa, Oklahoma
   b. Docket number of criminal case:    CF-1982-1067
   c. Date of Sentencing:    November 25, 1985

Decision or Action You Are Challenging

5. What are you challenging in this petition:

   How my sentence is being carried out, calculated, or credited by prison or parole authorities

6. Provide more information about the decision or action you are challenging:
   a. Name and location of the agency or court:

   Governor of Oklahoma, J. Kevin Stitt's "Amended" Certificate of Parole, at the Oklahoma State Capitol, 2300 N. Lincoln Blvd., Ste 212, Oklahoma City, Oklahoma 73105

b. Docket number, case number, or opinion number:

Governor's original Parole Certificate dated April 22, 2022 and "Amended" Parole Certificate dated April 28, 2022.

c. Decision or action you are challenging:

After a favorable recommendation for parole by the Oklahoma Pardon and Parole Board, Respondent, Governor J. Kevin Stitt granted Petitioner parole by signing, affirming, and delivering a Certificate of Parole which Petitioner signed and returned to Gov. Stitt. Petitioner was to be released from physical custody on the morning of April 29, 2022, however, on April 28, 2022 the respondent sent an unlawful "Amended" Certificate of Parole which was signed by him and stamped denied, but contained no affirmation or seal. Oklahoma DOC ignored the Certificate of Parole and used the Amended Certificate to keep Petitioner in physical custody past his effective parole release date.

d. Date of the decision or action:

April 22, 2022/April 28, 2022

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?
**YES**

a. If "Yes" provide:
   (1) Name of the authority, agency, or court:

   Tulsa County District Court, Tulsa, Oklahoma

   (2) Date of filing:            November 2, 2022
   (3) Docket number, case number, or opinion number:   CF-1982-1067
   (4) Result:                    Relief Denied, Dismissed
   (5) Date of result:            February 10, 2023
   (6) Issues raised:

   Governor lacked legal authority to deny a parole he had already granted. Relief requested was court ordered release from custody to parole. Governor cannot revoke parole without following due process.

b. N/A

Pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

8. **Second appeal**

    After the first appeal, did you file a second appeal to a higher authority, agency, or court?
    **YES**

    a. If "Yes" provide:
       (1) Name of the authority, agency, or court:

          Oklahoma Court of Criminal Appeals (OCCA)

       (2) Date of filing:                   April 11, 2023
       (3) Docket number, case number, or opinion number:    PC-2023-199
       (4) Result:                        District Court's Ruling Affirmed
       (5) Date of result:               July 24, 2023
       (6) Issues raised:

    I.) The Grant of Parole to Mr. Stohler Was Enforceable Upon Mr. Stohler's Acceptance; A.) The Arrival of April 29, 2022 Was Not a Condition Precedent; B.) Even if April 29, 2022 Was a Condition Precedent, It Would Not Support the Governor's Recission; C.) The Governor Does Not Have the Unbridled Ability to Revoke Parole Without Reference to the Granting Instrument's Terms; D.) The Post-Conviction Procedures Act Was Legally Available to Mr. Stohler, and the District Court of Tulsa County Was the Proper Court to Hear His Claim.

    b. N/A

9. **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?
    **NO**

    a. N/A
    b. If you answered "No," explain why you did not file a third appeal:

    Oklahoma Court of Criminal Appeals is the highest court to hear criminal matters in Oklahoma. Petitioner's attorney advised that the ruling was final and the matter could be challenged no further. Therefore, no higher court or authority was petitioned.

10. **Motion under 28 U.S.C. § 2255**          N/A

11. **Appeals of immigration proceedings**    N/A

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
    **YES**

    If "Yes," provide:

    a.  Kind of petition, motion, or application:

        Application to Assume Original Jurisdiction and Issue a Writ of Alternative Mandamus

    b.  Name of the authority, agency, or court:      Oklahoma County District Court
    c.  Date of filing:                               April 25, 2024
    d.  Docket number, case number, or opinion number:     CV-2024-1115
    e.  Result:                                       Ordered: Dismissed with Prejudice
    f.  Date of result:                               October, 4 2024
    g.  Issues raised:

        The court was asked to issue a writ of mandamus ordering Governor J. Kevin Stitt to honor and enforce the parole he granted to Petitioner, because no revocation proceedings were had to revoke Petitioner's parole, Petitioner was denied a liberty interest given to him by Governor Stitt without due process of law, and Governor Stitt had no legal authority to violate a signed, delivered, and agreed upon written contract in the form of the Certificate of Parole.

    h.  Petitioner filed a motion to reconsider in the district court within the time prescribed by Oklahoma Law and this matter is still pending nearly one (1) year later.

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State facts supporting each ground.

**GROUND ONE:** **Petitioner was granted parole under the Oklahoma Constitution and Oklahoma statutory procedures by Oklahoma Governor, J. Kevin Stitt, who then took unlawful action to deprive Petitioner of his granted liberty interest without due process of law in violation of the United States and Oklahoma Constitutions.**

a. Supporting facts:

Petitioner has been incarcerated in the custody of Oklahoma Department of Corrections since September of 1982. Petitioner's conviction is not the focus of this Petition.

In January of 2022, the Oklahoma Pardon and Parole Board (PPB) conducted a jacket review of Petitioner's application for parole and voted 3-1 to advance it to the next stage of review. On March 8, 2022, after making a personal appearance before the board they unanimously recommended parole for Petitioner.

On April 22, 2022, Governor J. Kevin Stitt (Respondent) signed and issued a Certificate of Parole (See *EXHIBIT A* of accompanying *BRIEF IN SUPPORT*), which the Secretary of State duly accepted and attested.

A digital copy of the signed and attested Certificate of Parole was emailed on April 22, 2022 to the Joseph Harp Correctional Center (JHCC), where Petitioner was given a printed copy of the Certificate of Parole and directed to sign the back side of it under the Rules and Conditions of Parole. The signed and fully executed copy of the Certificate was faxed back to the PPB.

The PPB acted upon the fully executed Parole Certificate and directed the OK DOC to issue an Order to release Petitioner. Said Order was issued. The records officer at JHCC immediately called the PPB to confirm the Order of Release and then acted upon the verified Order of Release to begin the legal process of releasing Petitioner.

In preparation of Petitioner's discharge from custody to parole DOC officials closed Petitioner's trustfund account and also prepared and finalized medical discharge paperwork along with a supply of medications.

On April 28, 2022, two Assistant District Attorneys, with no direct knowledge of the case, and acting upon some general and other falsified facts not supported by the record of the forty year old case, wrote to the respondent's office with the presumable intention of requesting recission of Petitioner's parole (See *EXHIBIT B* of accompanying *BRIEF IN SUPPORT*).

Later, on April 28, 2022, Respondent issued an "Amended" Certificate of Parole (See *EXHIBIT C, BRIEF IN SUPPORT*) which purported to deny parole to Petitioner. The only copy of the amended certificate delivered to DOC at JHCC on April 28, 2022 contained only the respondent's signature. Neither Petitioner, nor anyone else beyond the respondent executed this document or approved its terms.

Another copy of the amended certificate (See *EXHIBIT D, BRIEF IN SUPPORT*) was later sent to JHCC which contained the Secretary of State's attestation and Seal

of the State of Oklahoma. A notation at the bottom righthand side of the certificate indicated that the attestation was completed at 5:53 p.m. on that date.

Following instructions given by the Governor's Office and PPB, on April 29, 2022 DOC ignored the fully executed Certificate of Parole and used the "Amended" Certificate of Parole as the basis for a denial of parole. They held Petitioner in custody, past the date set for release on the Certificate of Parole.

Petitioner filed an Application for Post-Conviction Relief in the Tulsa County District Court on November 2, 2022 through an attorney hired by Petitioner's family. One proposition was raised in the application as follows:

> "Mr. Stohler's grant of parole became enforceable once it had been received and accepted by Mr. Stohler, and it could not thereafter be revoked without legal cause."

Petitioner also filed an Application for Status Conference on the same date as the Post-Conviction Application for the express purpose of scheduling briefing deadlines and setting a hearing on the Application. The State of Oklahoma filed its Response on January 27, 2023. The District Court dismissed Petitioner's Application, rendering its Order on February 10, 2023, without hearing (despite the fact that Petitioner had requested a hearing); the body of the District Court's Order simply set forth the text of the State's Response brief.

The District Court ruled that parole was never granted to Petitioner, reasoning that the effective date was a "condition precedent" and that since he was never released from custody, he had never been granted parole.

Notice of Post-Conviction Appeal was filed in the District Court of Tulsa County on March 1, 2023. Petitioner filed his Petition in Error March 10, 2023 with the Oklahoma Court of Criminal Appeals (OCCA), then filed his Brief in Chief on April 11, 2023.

On July 24, 2023 the OCCA rendered its Order dismissing Petitioner's Appeal ultimately ruling that "[a] parole is legally 'effective and enforceable' when it has been 'received and accepted by the prisoner.' Had the grant been unconditional, Appellant would be entitled to release once delivered and accepted.... However, based on its terms this parole was effective on the later date of April 29, 2022. Prior to that date it was rescinded. Therefore, there was no delivery of parole on April 29, 2022. Appellant 'cannot claim that any benefits have accrued to him' before the grant of parole became effective.

On April 25, 2024 Petitioner filed an Application to Assume Original Jurisdiction and Writ of Alternative Mandamus in the Oklahoma County District Court, being the court with jurisdiction where Respondent, exercises his powers and duties as

Governor of Oklahoma, and sought an Order of Mandamus directing Respondent to honor and enforce the parole he granted to Petitioner.

The District Court of Oklahoma County issued its Order dismissing the petition with prejudice on October 4, 2024. Petitioner filed a Motion to Reconsider with the Oklahoma County District Court, which is still pending nearly one year later.

    b. Did you present Ground One in all appeals that were available to you?
    **YES**

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

Petitioner has exhausted this issue in all available appeals as far as he can tell, because the District Court of Oklahoma County has stated this issue was exhausted previously through the Post-Conviction process.

## Request for Relief

15. State exactly what you want the court to do:

Petitioner requests this Court to examine his claim and rule that the constitutional violations did occur. Petitioner then asks that a Writ of Habeas Corpus be issued, and further, to order the Governor and State of Oklahoma to follow the laws and constitutions of both the United States and Oklahoma by releasing Petitioner to the parole that was granted to him.

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

**NOVEMBER 12, 2025**

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 11/12/25

*Jimmie Dean Stohler*

*Signature of Petitioner*

Pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241