## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIMMIE DEAN STOHLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1358-PRW |
| | ) | |
| TOMMY SHARP, | ) | |
| Warden of the Joseph Harp | ) | |
| Correctional Center,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

---

[1]    Petitioner named Oklahoma Governor J. Kevin Stitt as his Respondent. *See* Doc. 1, at 1. Respondent "asks this Court to substitute Mr. Sharp as the named Respondent in place of Governor Stitt[,]" Doc. 12, at 6 n.1, and Petitioner objects, Doc. 13, at 6. "The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Petitioner is currently held at the Joseph Harp Correctional Center. *Inmate Locator*, OKLA. DEP'T CORR., https://okoffender.doc.ok.gov/ (last visited June 30, 2026); *see also United States v. Muskett*, 970 F.3d 1233, 1237 n.4 (10th Cir. 2020) (taking judicial notice of inmate's status according to the Bureau of Prisons' inmate locator). The Court therefore designates Warden Tommy Sharp as Respondent. *See Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019) ("If a petitioner names the wrong respondent, this Court may simply substitute the correct party."). Moreover, "[a]ppropriate state authorities have appeared and defended against the petition[,]" and "disposition of the petition . . . does not depend on the identity of the particular respondent." *Abdulhaseeb v. Rankins*, No. CIV-21-1016-HE, 2022 WL 3567183, at *1 (W.D. Okla. Aug. 18, 2022). So the Court should overrule Petitioner's objection to substitution.

Petitioner Jimmie Dean Stohler, proceeding pro se, seeks habeas corpus relief under 28 U.S.C. § 2241, challenging the April 28, 2022 vacatur of his parole certificate one day prior to its effective date. Doc. 1, at 2.[2] United States District Judge Patrick R. Wyrick referred the matter to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 7.

Petitioner is currently serving a life sentence for the January 1982 first-degree murder of Michelle Powers in Tulsa, Oklahoma. *See Stohler v. State*, 751 P.2d 1087, 1088 (Okla. Crim. App. 1988); *see also* Doc. 12, Ex. 1. Relevant to this habeas petition, on April 22, 2022, Governor Stitt issued a certificate of parole to Petitioner, with an effective date of April 29, 2022. Doc. 1, at 5 & Ex. 1. On April 28, 2022, two assistant district attorneys with the Tulsa County District Attorney's Office contacted the Governor's office with a list of "facts regarding Mr. Stohler's involvement and culpability for the death of Michelle Powers[.]" Doc. 1, Ex. 2; *cf.* Doc. 1, at 5 (arguing that the "facts [were] not supported by the record of the forty year old case"). On the same date, Governor

---

[2]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Stitt denied parole to Petitioner by an amended certificate. Doc. 1, at 5-6 & Ex. 3.

On November 2, 2022, represented by counsel, Petitioner filed an Application for Post-Conviction Relief in the Tulsa County District Court, arguing that the amended certificate denying him parole "was not legally effective" and seeking his immediate release. Doc. 12, Ex. 15. On February 10, 2023, the state district court rejected Petitioner's arguments and dismissed the application. Doc. 12, Ex. 20. Petitioner appealed, and on July 24, 2023, the Oklahoma Court of Criminal Appeals (OCCA) affirmed. Doc. 12, Ex. 22.

On April 25, 2024, proceeding pro se, Petitioner filed an "Application to Assume Original Jurisdiction and Petition for Writ of Alternative Mandamus" in the Oklahoma County District Court, asking that court to enforce the original parole certificate and order his release. Doc. 12, Ex. 23. Governor Stitt moved to dismiss the petition, and on October 2, 2024, the state court conducted a hearing and granted the motion to dismiss for lack of jurisdiction. Doc. 12, Exs. 26, 28. On October 4, 2024, the state court issued a written order dismissing the petition with prejudice as "barred by the doctrines of res judicata and collateral estoppel" and untimely because it "was filed . . . nearly 2 years after the purported revocation occurred." Doc. 12, Ex. 29. On October

3

23, 2024, Petitioner filed a motion for reconsideration, but "the [state court] docket sheet does not show that Governor Stitt ever responded to it or that the Oklahoma County District Court ever ruled on it." Doc. 12, at 14; *see* Doc. 12, Exs. 28, 30.

Petitioner then filed the instant habeas petition on November 12, 2025, when he placed it into the prison mail system. Doc. 1, at 8. Petitioner asserts one ground for relief: that the vacatur of his parole "deprive[d] Petitioner of his granted liberty interest without due process of law in violation of the United States and Oklahoma Constitutions." *Id.* Respondent filed a motion to dismiss the petition as time-barred by the statute of limitations. Docs. 11, 12. The undersigned recommends the Court grant Respondent's motion to dismiss.

## I.    The petition is untimely.

### A.    Limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

AEDPA established a one-year limitations period during which an inmate in state custody can file a federal habeas petition challenging a state conviction:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

4

28 U.S.C. § 2244(d)(1). This one-year limitations period applies to § 2241 petitions challenging an administrative decision or execution of a sentence. *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (joining other circuit courts in holding that "§ 2244(d)(1)'s one-year limitations period applies to all habeas petitions filed by persons in custody pursuant to a judgment of a State court, . . . even if the petition challenges a pertinent administrative decision rather than a state court judgment" (internal citation and quotation marks omitted)).

Under § 2244(d)(1)(D), the limitation period for filing such a petition runs from "the date on which the factual predicate to the claim or claims presented could have been discovered through the exercise of due diligence." But where "a petitioner timely and diligently exhausts his administrative remedies, § 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final." *Dulworth*, 442 F.3d at 1268.

**B.    Petitioner's deadline to file for habeas relief.**

For purposes of this petition, Petitioner's limitation period accrued on April 28, 2022, when Governor Stitt issued the amended certificate vacating Petitioner's grant of parole. *See Harris v. Pacheco*, 829 F. App'x 331, 333 (10th

Cir. 2020) (petitioner's claim accrued on the date "when he learned he [was] ineligible for parole"). The one-year limitation period then began to run the next day, on April 29, 2022. *Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011); *see United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003). So Petitioner's statutory year to file a habeas petition began on April 29, 2022, and, absent tolling, expired at the latest one year later, on Monday, May 1, 2023.

Petitioner's November 2, 2022, application for post-conviction relief filed in Tulsa County District Court entitles him to tolling from the date of its filing until July 24, 2023, when the OCCA affirmed the denial of the application. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Harris*, 829 F. App'x at 333 (the "district court correctly concluded that a pending state habeas proceeding tolled the statute of limitations from" the date of its filing through the date of its final disposition in state court). The limitation period then resumed, and expired 178 days later, on January 19, 2024. *See Harris*, 829 F. App'x at 333. Petitioner is not entitled to any further statutory tolling under § 2244(d)(2) for his April

6

25, 2024 mandamus petition filed in Oklahoma County District Court because he filed it outside the statutory year to file for habeas relief. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *see also Perez v. Dowling*, 634 F. App'x 639, 644 (10th Cir. 2015) ("[Petitioner's] motion to modify sentence and his second application for post-conviction relief were both filed after the statute of limitations for his habeas petition had passed. Thus, they have no effect on our analysis."). Petitioner signed his petition on November 12, 2025, and postmarked it on November 14, 2025, over twenty-one months after the limitations period expired. *See* Doc. 1, at 8 & Ex. 9.

### C.     Petitioner is not entitled to equitable tolling.

Petitioner filed his habeas corpus petition after the expiration of the limitations period. So unless equitable tolling applies to save it, the petition is untimely and the Court must dismiss it.

"[A habeas] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544

U.S. 408, 418 (2005)). Under this standard, a petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "Simple excusable neglect is not sufficient." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). And it is his burden to prove that equitable tolling applies. *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). Even assuming a diligent pursuit of rights, the one-year period of limitation "is subject to equitable tolling . . . only in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

In support of equitable tolling, Petitioner argues that he is "factually and actually innocent of any wrong-doing that would cause the revocation/recission of his parole[,]" relies on the merits of his claim, and describes difficulties he faced in researching his petition as "a layman not well versed in law . . . [with] very limited access to the law library at his facility mainly due to having a full-time job." Doc. 13, at 1-6 (emphasis in original omitted). But neither ignorance

8

of the law nor these normal circumstances of prison life qualify as extraordinary circumstances justifying equitable tolling. *See*, *e.g.*, *Porter v. Allbaugh*, 672 F. App'x 851, 857 (10th Cir. 2016) (agreeing with the district court that petitioner's "general grievances" about accessing the prison law library "fail[ed] to constitute extraordinary circumstances"); *Parker v. Jones*, 260 F. App'x 81, 85 (10th Cir. 2008) (holding that the petitioner's vague allegations of a lack of access to a law library or legal assistance did "not justify equitably tolling the limitations period"); *see also Marsh*, 223 F.3d at 1220 ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)). And Petitioner's "focus on the merits of the habeas claim does not demonstrate any error in" the conclusion that his petition is untimely. *Wilson v. Crow*, No. CIV-18-383-G, 2019 WL 3347181, at *2 (W.D. Okla. July 25, 2019) Petitioner is thus not entitled to the equitable tolling of the limitations period.

## II.    Recommendation and notice of right to object.

For the above reasons, the undersigned recommends the Court grant Respondent's motion to dismiss Petitioner's habeas petition as untimely.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before July 30,

2026, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 9th day of July, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

10