**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JIMMIE DEAN STOHLER,<br><br>Petitioner,<br><br>v.<br><br>TOMMY SHARP,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-1358-PRW |

## ORDER[1]

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1), seeking his release from imprisonment on parole; Respondent's Motion to Dismiss (Dkt. 11); and Magistrate Judge Suzanne Mitchell's Report and Recommendation (Dkt. 14). For the following reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. 14), **GRANTS** the Motion to Dismiss, and **DISMISSES** the Petition (Dkt. 1). The Court also **DENIES** Petitioner's request for a certificate of appealability.

### *Background*

Petitioner was convicted of and sentenced to life imprisonment for murder in the District Court of Tulsa County approximately 40 years ago.[2] On April 22, 2022, Governor Stitt issued a certificate of parole to Petitioner with an effective date of April 29, 2022.[3]

---

[1] Petitioner originally named Oklahoma Governor Kevin J. Stitt as Respondent. Because Mr. Sharp, as the person having custody of the petitioner, is the proper respondent, the Court designated Mr. Sharp as Respondent in place of Stitt. Dkt. 14 at 1, n.1.

[2] *Stohler v. State*, 751 P.2d 1087, 1088 (Okla. Crim. App. 1988).

[3] Certificate of Parole (Dkt. 1-1).

However, Governor Stitt issued an amended certificate of parole denying parole to Petitioner on April 28, 2022,[4] the same day that two district attorneys with the Tulsa County District Attorney's Office provided the Governor's office with a list of facts regarding Petitioner's "involvement and culpability" in the murder of Michelle Powers in 1982.[5]

On November 2, 2022, Petitioner filed an Application for Post-Conviction Relief in the Tulsa County District Court, arguing that the amended certificate of parole "was not legally effective" and seeking his immediate release.[6] The Tulsa County District Court rejected Petitioner's arguments and dismissed the application on February 10, 2023. Petitioner appealed, and the Oklahoma Court of Criminal Appeals affirmed the district court's decision on July 24, 2023. The courts determined that Petitioner could not challenge the allegedly unlawful revocation of his parole because he "was never granted parole," given that the Governor vacated the certificate of parole prior to its effective date.[7]

On April 25, 2024, Petitioner filed a motion styled as an "Application to Assume Original Jurisdiction and Petition for Writ of Alternative Mandamus" in the Oklahoma County District Court, asking that court to enforce the original parole certificate and order

---

[4] Am. Certificate of Parole (Dkt. 1-3).

[5] April 28, 2022 Letter (Dkt. 1-2).

[6] Appl. for Post-Conviction Relief (Dkt. 12-15), at 8.

[7] Order Affirming Den. of Post-Conviction Relief (Dkt. 12-22), at 2–3; Order Dismissing Pet'r's Appl. for Post-Conviction Relief (Dkt. 12-20), at 6.

his release.[8] Governor Stitt filed a motion to dismiss on July 25, 2025,[9] and the Court granted it on October 2, 2024.[10] Although Petitioner filed a motion for reconsideration on October 23, 2024,[11] neither the docket sheet[12] nor anything else in the record shows that the district court ever ruled on the motion.

Petitioner filed the instant habeas petition on November 12, 2025,[13] asserting that the vacatur of his certificate of parole violated his due process rights under the United States and Oklahoma Constitutions. Respondent filed a Motion to Dismiss (Dkts. 11, 12) the Petition as time-barred by the applicable statute of limitations. On July 9, 2026, Magistrate Judge Suzanne Mitchell filed a Report and Recommendation (Dkt. 14) recommending that the Court grant the Motion to Dismiss.

Judge Mitchell made several determinations supporting her conclusion that the Petition should be dismissed. First, that Petitioner's claims are governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year limitations period during which an inmate in state custody can file a federal habeas

---

[8] Appl. to Assume Original Jurisdiction and Pet. for Writ of Alt. Mandamus (Dkt. 12-23).

[9] Okla. Cnty. Dist. Ct. Mot. to Dismiss (Dkt. 12-25).

[10] Okla. Cnty. Dist. Ct. Docket Sheet (Dkt. 12-28), at 5.

[11] Mot. for Recons. (Dkt. 12-30).

[12] Okla. Cnty. Dist. Ct. Docket Sheet (Dkt. 12-28).

[13] Pet. (Dkt. 1), at 8; Rule 3(d), Rules Governing 28 U.S.C. § 2254 Cases ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing"); *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (holding that district courts may apply the Rules Governing § 2254 Cases to habeas petitions brought pursuant to § 2241).

petition challenging his conviction,[14] and Tenth Circuit law that applies that limitations period to claims challenging an administrative decision or the execution of a sentence.[15] Second, that Petitioner's limitations period accrued on April 28, 2022, when Governor Stitt issued the amended certificate of parole, and began to run the next day. Third, that Petitioner's application for post-conviction relief in Tulsa County District Court tolled the limitations period until July 24, 2023, when the Oklahoma Court of Criminal Appeals affirmed the denial of the application, and the limitations period expired on January 19, 2024. Fourth, that Petitioner's April 25, 2024 mandamus petition in Oklahoma County District Court did not toll the limitations period because it was filed after the limitations period expired. And fifth, that Petitioner was not entitled to equitable tolling.

Petitioner made two arguments in support of equitable tolling, which Judge Mitchell rejected. First, he argued that he is "factually and actually innocent of any wrong-doing that would cause the revocation/recission of his parole,"[16] and that the actual-innocence exception of *McQuiggin v. Perkins*[17] allows him to overcome the AEDPA's statute of limitations. Petitioner's actual-innocence argument relied largely on the merits of his due process claim. Second, he described having difficulties researching his claims because he had limited access to the law library at his prison facility. Judge Mitchell determined that Petitioner's reliance on the merits of his claim did not "demonstrate any error in the

---

[14] *See* 28 U.S.C. § 2244(d)(1).

[15] *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006).

[16] Resp. to Mot. to Dismiss (Dkt. 13), at 1.

[17] 569 U.S. 383 (2013).

conclusion that his petition was untimely," and that his difficulties researching his claims while in prison were "normal circumstances of prison life" rather than the kind of extraordinary circumstances that would justify equitable tolling.[18]

Petitioner filed Objections to the Report and Recommendation (Dkt. 15) on July 29, 2026.[19] In his Objections, he argues that (1) the actual-innocence exception of *McQuiggin* applies to overcome the AEDPA's statute of limitations, and (2) the AEDPA's statute of limitations does not apply to habeas petitions brought under § 2241. Petitioner asks this Court to grant him a certificate of appealability with regard to the second issue, acknowledging that the matter is controlled by binding Tenth Circuit precedent.

***Standard of Review***

The Court reviews de novo those portions of a magistrate judge's report and recommendation to which a party makes timely, specific objections.[20] An objection must identify the challenged findings or conclusions with sufficient specificity to focus the district court's review.[21]

Because Petitioner proceeds pro se, the Court construes his filings liberally without assuming the role of his advocate.[22] Petitioner's objections identify the conclusions he

---

[18] R&R (Dkt. 14), at 8–9 (citation and internal quotation marks omitted).

[19] Although Petitioner's Objections were filed by the clerk on August 3, 2026, he deposited them in the prison mailing system on July 29, 2026, and the prison mailbox rule applies. Objs. to R&R (Dkt. 15), at 3; *see supra* note 12.

[20] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

[21] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).

[22] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

challenges and the grounds for his disagreement. The Court therefore reviews those conclusions de novo.

***Analysis***

**I. The Petition is time-barred.**

The AEDPA's one-year statute of limitations for habeas petitions brought by persons "in custody pursuant to the judgment of a State court" is codified in 28 U.S.C. § 2244(d)(1). Petitioner does not object to Magistrate Judge Mitchell's determinations regarding the dates on which the statute of limitations under § 2244(d)(1) accrued and began to run, the extent to which Petitioner's state court actions tolled the limitations period, or its ultimate expiration on January 19, 2024. "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."[23] Upon review, the Court sees no clear error in Magistrate Judge Mitchell's determinations with regard to these or any other issues not objected to, and independently concludes that Petitioner's claims are time-barred under § 2244(d)(1).

**II. The actual-innocence exception does not apply.**

In *McQuiggin v. Perkins*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may" overcome the "expiration of the statute of limitations."[24] The rule "is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent

---

[23] *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

[24] 569 U.S. at 386.

persons."[25] However, the Court cautioned that "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty" of the crimes of which he was convicted beyond a reasonable doubt.[26]

In his Objections to the Report and Recommendation, Petitioner briefly argues that the actual-innocence gateway applies because he "committed no wrongdoing that would result in the revocation or recission of his parole."[27] In his Response to the Motion to Dismiss, Petitioner made the same argument, relying on 57 O.S. § 349.3 and Okla. Admin. Code § 515:25-13-1(a).[28] The former provision provides certain parolees—those supervised under an interstate compact—with certain rights at or prior to a probable cause hearing on whether they have committed a violation of a condition of parole that may result in revocation,[29] while the latter provision provides parolees with a right to a hearing on the alleged violations themselves.[30] Petitioner states that he relies on these provisions to "show that Oklahoma has an established procedure…for following due process in revoking parole," which he contends was not followed.[31] He goes on to argue that "[i]n light of the executive's failure to even allege" that he violated the conditions of his parole, as laid out

---

[25] *Id.* at 392 (citations and internal quotation marks omitted).

[26] *Id.* at 386 (alterations adopted) (citations and internal quotation marks omitted).

[27] Objs. to R&R (Dkt. 15), at 1.

[28] Resp. to Mot. to Dismiss (Dkt. 13), at 2.

[29] 57 O.S. § 349.3; *see also id.* § 347.

[30] Okla. Admin. Code § 515:25-13-1(a).

[31] Resp. to Mot. to Dismiss (Dkt. 13), at 2.

in the Governor's original certificate of parole, "no factfinder would have been able to find [him] guilty of any violation" of the conditions of his parole.[32]

These arguments fail to demonstrate that the actual-innocence gateway applies to Petitioner's claims. To the extent Petitioner relies on the merits of his argument that the Governor violated his due process rights in vacating the original certificate of parole, Judge Mitchell was correct to note that his "focus on the merits of the habeas claim does not demonstrate any error" in the determination that his claims are time-barred.[33] To the extent Petitioner attempts to meet the requirements for the actual innocence gateway, his argument focuses on the legal basis for the vacatur of the certificate, rather than the factual basis for his state court conviction.[34] If Petitioner means to challenge the factual basis for the Governor's decision to vacate the certificate—whatever that may be—his argument still fails to meet the requirements for the actual-innocence exception because it does not constitute a claim of actual innocence with regard to the underlying offense for which he was convicted. Additionally, his argument fails for the independent reason that he has not presented any new evidence to show his innocence of the murder conviction, let alone new evidence that would prove his innocence as a matter of law.

---

[32] *Id.* at 3.

[33] R&R (Dkt. 14), at 9 (quoting *Wilson v. Crow*, No. CIV-18-383-G, 2019 WL 3347181, at *2 (W.D. Okla. July 25, 2019)).

[34] *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998) ("actual innocence means factual innocence, not mere legal insufficiency" (citation and internal quotation marks omitted)).

Finally, even assuming that the actual-innocence gateway could extend to claims of factual innocence of alleged parole violations, Petitioner does not challenge the revocation of an existing parole status. Rather, he challenges the Governor's decision to vacate his original certificate of parole before it became effective. Because that certificate never went into effect, the Governor's action did not constitute the revocation of parole based on an alleged violation of its conditions, and Petitioner cannot challenge any such revocation, as the Oklahoma Court of Criminal Appeals found.[35] Accordingly, Petitioner has failed to establish that the actual-innocence gateway applies.

**III. Petitioner is not entitled to a certificate of appealability on whether the Tenth Circuit should overrule its own decision that AEDPA's statute of limitations applies to § 2241 petitions.**

The AEDPA's one-year statute of limitations for habeas petitions brought by persons "in custody pursuant to the judgment of a State court" is codified in 28 U.S.C. § 2244(d)(1). Such persons may pursue habeas relief under either §§ 2241 or 2254. In the Tenth Circuit, petitions under § 2241 are used to attack administrative decisions or the execution of a sentence, "in contrast to § 2254 [petitions]…which are used to collaterally attack the validity of a conviction and sentence."[36] Petitioner brings his habeas petition under § 2241 because he challenges the legality of the Governor's decision to vacate his certificate of parole, rather than the validity of his state-court conviction or sentence.

---

[35] Order Affirming Den. of Post-Conviction Relief (Dkt. 12-22), at 2–3.

[36] 442 F.3d at 1267–68 (quoting *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted)).

Petitioner argues that the limitations period in § 2244(d)(1) does not apply to § 2241 petitions. He acknowledges, however, that this matter is controlled by the Tenth Circuit's opinion in *Dulworth v. Evans*, which held that § 2244(d)(1) "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,'" including § 2241 petitions.[37] Petitioner therefore asks this Court to grant a certificate of appealability so that he can ask the Tenth Circuit to overrule its decision in *Dulworth*.

Where a district court dismisses a habeas petition on procedural grounds, a certificate of appealability may issue only if reasonable jurists would find it debatable both whether the petition states a valid claim of the denial of a constitutional right and whether the district court's procedural ruling was correct.[38] The Court concludes that reasonable jurists would not debate its determination that § 2244(d)(1) applies.

*Dulworth* remains binding precedent, and Petitioner has not identified any intervening controlling authority undermining its holding or any other persuasive basis for reconsidering it. Petitioner mainly argues that *Dulworth* was wrong and that there is a circuit split on whether § 2244(d)(1) applies to habeas petitions challenging administrative decisions. But Petitioner's disagreement with *Dulworth* does not, on its own, provide a persuasive reason for overruling it. Additionally, *Dulworth* itself expressly acknowledged the existence of a circuit split on the issue of whether § 2244(d)(1) applies to habeas

---

[37] *Id.* at 1268 (quoting § 2244(d)(1)).

[38] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

petitions challenging an administrative decision, and in holding that it does, the Tenth Circuit joined the majority of circuits that have considered the issue.[39]

***Conclusion***

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 14), **GRANTS** Respondent's Motion to Dismiss (Dkt. 11), and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). The Court also **DENIES** Petitioner's request for a certificate of appealability.

**IT IS SO ORDERED** this 10th day of November 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[39] 442 F.3d at 1267 ("Only one circuit, the Seventh, has held to the contrary.…we now join the Second, Fourth, Fifth and Ninth Circuits and hold that even if the petition challenges a pertinent administrative decision rather than a state court judgment, the limitation period applies" (citations omitted)).